Argued and submitted November 29, 2012, in Case No. A150361, reversed; in
Case No. A151393, judgment vacated February 21, 2013

In the Matter of J. G. H., C. M. H., A. N. H., and L. K. H.,
Children.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent*,

*v.*

M. E.
and T. E. H.,
*Appellants.*

Washington County Circuit Court
J110097, J110098, J110099, J110100;
Petition Number 01J110095M;
A150361 (Control), A151393

298 P3d 1227

Megan L. Jacquot argued the cause and filed the brief for
appellant M. E.

Sarah Peterson argued the cause for appellant T. E. H.
With her on the brief was Metcalfe & Peterson LLC.

Justice J. Rillera, Assistant Attorney General, argued the
cause for respondent. With her on the brief were Ellen F.
Rosenblum, Attorney General, and Anna M. Joyce, Solicitor
General.

Before Armstrong, Presiding Judge, and Duncan, Judge,
and Brewer, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Mother and father appeal a judgment of jurisdiction over their four children that was based on findings that father had sexually abused one of mother's twin daughters from a previous marriage and mother did not believe that the abuse had occurred or that father was a threat.[1] While that appeal was pending, the trial court entered an amended jurisdictional judgment for the purpose of incorporating excerpts from the transcript of the hearing that had led to the original judgment. Mother and father also appeal the amended judgment. We consolidated mother's and father's appeals from the original judgment (Case No. A150361) and the amended judgment (Case No. A151393).

Parents contend that the court erred in failing to dismiss the dependency petition and in asserting jurisdiction over the children because the state failed to prove that the children are subject to a current threat of harm that was reasonably likely to be realized, as is required for jurisdiction under ORS 419B.100(1)(c). *See Dept. of Human Services v. S. P.*, 249 Or App 76, 84, 275 P3d 979 (2012); *State ex rel Juv. Dept. v. Vanbuskirk*, 202 Or App 401, 405-06, 122 P3d 116 (2005). The state concedes the error. A discussion of the facts would not benefit the bench, bar, or public. Suffice it to say that we agree with the state that the evidence is insufficient to support the court's conclusion that the children's welfare is presently endangered, and we, therefore, accept the state's concession.

Accordingly, we reverse the jurisdictional judgment in Case No. A150361. However, we conclude that the juvenile court lacked jurisdiction to enter the amended jurisdictional judgment while the appeal of the original judgment was pending. *See* ORS 419A.200(7) (providing that the filing of an appeal does not "preclude the juvenile court after notice and hearing from entering such further orders relating to the ward or youth offender's custody pending final disposition of the appeal as it finds necessary by reason only

---

[1] The case was tried together with petitions for jurisdiction over mother's twin daughters. The resulting judgment in that case is the subject of a separate appeal by mother, also decided this date. *See Dept. of Human Services v. M. E. (A150359)*, 255 Or App 296, 297 P3d 17 (2013).

of matters transpiring subsequent to the order or judgment appealed from"); ORS 419A.200(6) (appeal of juvenile court judgment "must be conducted in the same manner as an appeal under ORS chapter 19"); ORS 19.270 (describing circumstances under which a trial court retains jurisdiction notwithstanding the filing of a notice of appeal). Therefore, we vacate the amended judgment.

In Case No. A150361, reversed; in Case No. A151393, judgment vacated.